**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENYATTA BROWN,<br>Plaintiff<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br>Defendant | No. 25 CV 13374<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [20] is granted. Any amended complaint is due on or before September 14, 2026. The September 2, 2026, status hearing is stricken.

## STATEMENT

This case is before the Court on Defendant Navy Federal Credit Union's motion to dismiss Plaintiff Kenyatta Brown's amended complaint. (R. 20.) The events described below are drawn from the amended complaint, (R. 16,) and are presumed true in resolving this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff underwent Chapter 7 bankruptcy proceedings and received a discharge of obligations to the defendant in March 2025. (R. 16 ¶¶ 5–6.)[1] The plaintiff then applied for a loan and a credit card from the defendant. (*Id.* ¶ 7.) The defendant denied those applications because the plaintiff had previously "caused Navy Federal a loss." (*Id.* ¶¶ 9–11.) The plaintiff alleges the denials were based on prior debts that were discharged, meaning the plaintiff no longer owed them to the defendant. (*Id.* ¶¶ 11–1.) The plaintiff further alleges that the denials were "based solely on discharged debt and Plaintiff's exercise of bankruptcy rights." (*Id.* ¶ 13.) Based on these allegations, the plaintiff brings a claim for violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, *et seq*. (*Id.* ¶¶ 14–19.) The defendant moves to dismiss the complaint for failure to state a claim. (*See* R. 20); Fed. R. Civ. P. 12(b)(6).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. The motion tests the sufficiency of the plaintiff's claims, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). The Court accepts well-pled

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

allegations as true, draws reasonable inferences in the plaintiff's favor, and construes this *pro se* complaint liberally. *Luster v. Village of Ashmore*, 76 F.4th 535, 536, 538 (7th Cir. 2023) (citations omitted). Dismissal is proper when "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Among other things, the ECOA prohibits creditors from discriminating or retaliating against a credit applicant on the basis of their membership in a protected class or "because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a). "[T]his chapter" refers to Chapter 41 of Title 15, which houses the Consumer Credit Protection Act (CCPA). *See* 15 U.S.C. §§ 1601, *et seq*. ECOA is part of the CCPA. *Id.* §§ 1691–1691f. The plaintiff alleges that the defendant violated the ECOA when it denied the plaintiff's applications because the plaintiff exercised their bankruptcy rights and failed to pay since-discharged debts. (R. 16 ¶¶ 9–19.) But the plaintiff does not cite any provision of the CCPA that provides a right to file bankruptcy or have prior debts discharged, nor can the Court locate one. Rather, the source of those rights is the Constitution and Title 11, the federal bankruptcy code. *See, e.g.*, *In re Andrea*, 597 B.R. 626, 628 (Bankr. N.D. Ill. 2019) (in a Chapter 7 bankruptcy, "[d]ischarge is a right that is expressly created by title 11 and would have no existence if not created by the Bankruptcy Code"). Because the plaintiff fails to allege that the defendant discriminated or retaliated against the plaintiff because of the plaintiff's exercise of a right "under this chapter," the Court grants the defendant's motion to dismiss.

Date: August 24, 2026

JEREMY C. DANIEL
United States District Judge